IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

       Plaintiff,                No. 2:09-cv-1105 KJN P

     vs.

SACRAMENTO DISTRICT
ATTORNEY OFFICE, et al.,

       Defendants.          ORDER

         Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages for alleged due process violations. On May 4, 2009, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

         On January 20, 2010, plaintiff's complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint. After receiving several extensions of time, plaintiff filed an amended complaint on July 2, 2010.[1] Plaintiff also filed several motions, which this court will address seriatim, following the screening of the amended complaint.

---

[1] It appears plaintiff's July 2, 2010 filing crossed in the mail with this court's June 29, 2010 order granting plaintiff until September 20, 2010 in which to file his amended complaint. In light of plaintiff's filing, the portion of the court's June 29, 2010 order granting said extension will be vacated.

1

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
3 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5 granted, or that seek monetary relief from a defendant who is immune from such relief.
6 28 U.S.C. § 1915A(b)(1),(2).
7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.
14    Plaintiff's amended complaint names as defendants Sacramento District Attorney
15 Jan Scully and various deputies in that office, the California Attorney General and various deputy
16 attorneys general, Sacramento Superior Court Judge Ronald W. Tochterman, and two California
17 Board of Prison Terms Commissioners, Lee Ann Chrones and Scott Moeszinger ("Board
18 Commissioners"). Plaintiff also names Sacramento District Attorney's Office Bureau of
19 Investigation Assistant Chief Steven McKinney. Plaintiff alleges various due process violations
20 in the course of various parole hearings, primarily related to efforts to obtain exculpatory
21 evidence for presentation at his parole hearing. Plaintiff claims his conviction was obtained
22 through the use of perjured testimony, but seeks monetary damages for defendants' alleged
23 reliance on perjured testimony and Board Commissioners' failure to obtain exculpatory evidence
24 ////
25 ////
26 ////

to consider during his parole hearing in violation of his due process rights.[2]

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's action implicates the validity of plaintiff's conviction, and that plaintiff has not shown that the conviction has been invalidated.

Prevailing Ninth Circuit and Supreme Court precedent confirm plaintiff's civil rights claims are barred under Heck. In particular, the theory that a parole hearing officer was improperly biased has been found to fall squarely within the proscription of the Heck doctrine. See Edwards v. Balisok, 520 U.S. 641 (1997) (finding that a plaintiff's claim of procedural defects in his parole hearing included allegations of deceit and bias by the decisionmaker, and therefore necessarily implicated the validity of the hearing itself); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (holding that a plaintiff's claim of due process violations arising from the consideration of false information in his prison file which led to a finding that he was ineligible for parole was barred by the Heck doctrine).

---

[2] It appears, however, that plaintiff's conviction has not been overturned by way of habeas corpus relief. Plaintiff's habeas petition filed in this court, Case No. 97-cv-0922, was dismissed on July 22, 2003, as barred by the statute of limitations because the court found plaintiff's amended petition did not relate back to his original petition. Id. Plaintiff appealed, see Case No. 03-17027, but the Court of Appeals for the Ninth Circuit affirmed the district court's decision on March 17, 2006. Id. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    Here, plaintiff sues various district attorneys and deputy attorneys general for their
2 reliance on allegedly perjured testimony during his criminal trial and during his efforts to obtain
3 habeas corpus relief.  Plaintiff also sues Board Commissioners for alleged procedural
4 irregularities during parole hearings, primarily related to their failure to obtain the
5 exculpatory evidence and to consider it during the parole hearings.[3]  Under Butterfield's
6 rationale, "a challenge to the procedures used in the denial of parole necessarily implicates the
7 validity of the denial of parole and, therefore, the prisoner's continuing confinement," 120 F.3d
8 at 1024, accordingly plaintiff's claims concerning his parole hearings are not cognizable.  If
9 plaintiff were successful in his argument that his conviction was obtained by the use of perjured
10 testimony, and he was denied parole based on the faulty conviction, such a result would
11 necessarily imply that the underlying conviction was invalid.  Even though plaintiff articulates
12 his allegations of procedural defects as a claim for money damages only, not an attack on his
13 underlying conviction or the denial of parole, his allegations concerning exculpatory evidence are
14 an attempt to challenge the substantive result of his conviction in a parole hearing.  Id.  Such a
15 collateral attack is not permitted under Heck.

16    Plaintiff's reliance on Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), is
17 unavailing.  Neal cites Butterfield favorably, and distinguishes Neal as involving a challenge to
18 labeling as a sex offender pursuant to a sex offender treatment program in Hawaii, which would
19 not undermine either conviction or continuing confinement.

20    Moreover, plaintiff is not spared application of Heck based on a theory that he
21 cannot now obtain habeas relief as a matter of law because his habeas petition was dismissed as
22 ////

---

[3] On June 10, 2009, during a subsequent parole hearing, petitioner entered into a stipulation continuing his next parole hearing for three years pending "parole plans, disciplinary plans, and [to] obtain police reports from Los Angeles, Sacramento, and Ohio, Akron and Cleveland . . . for discipline [sic] order through 1082 that was ordered by [Board Commissioner] Susanne Fisher." (Am. Compl. at 52.)  The police reports are the documents plaintiff contends represent exculpatory evidence that his conviction was obtained by the use of perjured testimony.

barred by the statute of limitations. Plaintiff's failure to timely pursue habeas relief does not bar application of Heck. See Cunningham v. Gates, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002).[4]

Accordingly, because plaintiff has not offered any evidence that his conviction has already been overturned, he may not proceed with his claims here and this case should be dismissed for failure to state a claim upon which relief can be granted.[5] See 28 U.S.C. § 1915(e)(2)(B)(ii). Because plaintiff cannot amend to remedy the Heck bar, the dismissal will be without leave to amend.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's request for the appointment of counsel is denied.

On July 2, 2010, plaintiff also filed a motion for preliminary injunction. Plaintiff contends that on June 10, 2009, California Board Commissioners Chrones and Moeszinger, and Sacramento Deputy District Attorney Paul Durenberger, entered into a stipulation with plaintiff

---

[4] In Cunningham, the Court of Appeals for the Ninth Circuit compared the elements of the criminal offense to the theories the plaintiff advanced in his civil rights complaint. Id., 312 F.3d at 1154-55. The court in Cunningham then concluded the civil action was barred because the theories on which it relied required findings contrary to those made by the jury in Cunningham's criminal trial about the elements of the offense. Id.

[5] The Supreme Court decision in Wilkinson v. Dotson, 544 U.S. 74 (2005), permitting a § 1983 plaintiff to challenge parole procedures, is distinguishable. In Dotson, the Court held that the lawsuit was permissible because the prisoner's claim did not "necessarily spell speedier release" but merely would have resulted in a new hearing. Id. at 82. Here, by contrast, plaintiff is asserting, essentially, that he would not have been convicted had the perjured testimony not been used, or, on the other hand, he would have been earlier paroled had the parole board received the alleged exculpatory evidence demonstrating his conviction was wrongfully obtained.

> admitting the State of California used perjured testimony to gain the plaintiff's conviction, . . . formal request for [] said exculpatory evidence had been made twice, and the state had not address[ed] the post-conviction request [for] Garcia/Brady material under California Law or Federal law, [and] the said evidence can be presented at a California Board of Prison Terms Hearing.

(Dkt. No. 20 at 1.) Plaintiff contends this demonstrates a reasonable likelihood plaintiff will prevail on the merits of the instant action. Plaintiff seeks a preliminary injunction requiring all Board of Parole hearings be stopped based on this stipulation because it recognizes that the Sacramento District Attorney's office used perjured testimony to obtain plaintiff's conviction. (Dkt. 20 at 3.)

Although plaintiff styles his motion differently, it effectively seeks a temporary restraining order, a preliminary injunction, or both. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[6] particularly when, as here, the motion has been served on the adverse party. Local Rule 231(a).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable

---

[6] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'")(citations omitted).

1  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
2  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.
3  2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76
4  (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary
5  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
6  court finds requires preliminary relief, and be the least intrusive means necessary to correct the
7  harm."  18 U.S.C. § 3626(a)(2).
8          The only document bearing the relevant date June 10, 2009, is a transcript from a
9  subsequent parole consideration hearing, held on June 10, 2009.  (Id. at 15.)  During the hearing,
10 the following statements were made, in pertinent part:

> PRESIDING COMMISSIONER CHRONES:  Mr. Sanders, you have talked to [plaintiff] prior to the hearing today, and I understand that he is requesting a stipulation of suitability.
>
> ATTORNEY SANDERS:  Yes, he is, Commissioner.

(Dkt. No. 20 at 18.)

> . . .
>
> PRESIDING COMMISSIONER CHRONES:  And what are our reasons today for requesting a stipulation.  Mr. Sanders.
>
> . . .
>
> [PLAINTIFF]:  Thank you.  Parole plans, disciplinary plans, and obtain police reports from Los Angeles, Sacramento, and Ohio, Akron and Cleveland . . . for discipline [sic] order through 1082 that was ordered by [BPH Commissioner] Susanne Fisher.

(Dkt. No. 20 at 19-20.)  Plaintiff's attorney acknowledged agreement with the request.  (Id. at 20.)

> . . .
>
> PRESIDING COMMISSIONER CHRONES:  And it's my understanding you're requesting a three-year stipulation?
>
> ATTORNEY SANDERS:  Yes.

7

>[PLAINTIFF]: Yes, ma'am.
>
>PRESIDING COMMISSIONER CHRONES: Okay. Thank you. The Panel is going to grant a three-year stipulation for you, [plaintiff]. . . . And noting that in a previous Parole Consideration Hearing with then Commissioner Susan Fisher, she did request through the Panel to get copies of police reports from Los Angeles County, Sacramento County, and we do have the Deputy District Attorney from Sacramento online with us, so I'm hoping that he'll be able to help us out with the Sacramento reports, if not the others, and also police reports from Akron, Ohio and Cleveland, Ohio. We are making this official part of the record and hopefully by the time your hearing comes around in three years that those will be in the file.

(Dkt. No. 20 at 20-21.) Commissioner Chrones then noted plaintiff needed "some disciplinary free time" and to get his parole plans in line. (Dkt. No. 20 at 21.) The meeting was then adjourned.

Despite plaintiff's claim to the contrary, he has failed to demonstrate he is likely to succeed on the merits. First, the "stipulation" to which plaintiff refers does not acknowledge or admit that the Sacramento District Attorney's Office used perjured testimony to convict plaintiff. (Dkt. No. 20 at 15-22.) Indeed, there is no mention of, nor use of, the terms "exculpatory evidence" anywhere in this document. (Id.) Rather, it appears the stipulation provided for additional time for the parties to obtain copies of police reports for a future parole board panel to consider, in addition to plaintiff's parole plans and prison disciplinary record. This stipulation does not demonstrate plaintiff is likely to succeed on the merits.

Second, as described above, the instant action is being dismissed based on Heck. For that reason, plaintiff cannot demonstrate he is likely to succeed on the merits of the instant action.

////

////

////

////

Plaintiff has also failed to demonstrate irreparable harm. Indeed, the fact that plaintiff agreed, on the record, to a three year continuation of his next parole consideration hearing demonstrates he will not suffer immediate or irreparable harm.[7]

Thus, plaintiff's motion for preliminary injunction should be denied.

Finally, plaintiff filed a motion for transfer to a federal prison. Plaintiff contends that the alleged exculpatory evidence will implicate over 100,000 inmates and BPH rulings, putting his life in jeopardy.

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

As noted above, the "stipulation" provided by plaintiff does not mention the terms "exculpatory evidence," nor concede or admit that plaintiff's conviction was obtained by use of perjured testimony. Plaintiff's claims are speculative. Moreover, as noted above, plaintiff has failed to demonstrate a likelihood of success on the merits of his claims. Thus, plaintiff's motion to be transferred to a federal prison will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. That portion of the June 29, 2010 order granting plaintiff until September 20, 2010 in which to file an amended complaint is vacated. (Dkt. No. 17.)

2. Plaintiff's July 2, 2010 amended complaint is dismissed without prejudice. (Dkt. No. 18.)

---

[7] To the extent plaintiff seeks relief on behalf of other inmates, his claim fails as well. Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

3. Plaintiff's July 2, 2010, request for the appointment of counsel is denied. (Dkt. No. 19.)

4. Plaintiff's July 2, 2010 motion for preliminary injunction is denied without prejudice. (Dkt. No. 20.)

5. Plaintiff's July 2, 2010 motion for transfer is denied. (Dkt. No. 21.)

6. The Clerk of Court is directed to close this action.

DATED: July 9, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

down1105.31+